ESSENTIALLY EMPOWERED, INC.,
RESOURCES AND BEYOND, INC., and
A BETTER TOMORROW FOR MOMMIES, INC.,

      Plaintiffs,

                                         Case No.

v.

UNITEMKE, INC. d/b/a UNITEWI, and
UNITEWI, LLC,

      Defendants.

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Defendants UniteMKE, Inc. d/b/a UniteWI and UniteWI, LLC, by their attorneys, McCoy Leavitt Laskey LLC, by Michael D. Aiken, files this Notice of Removal pursuant to 28 U.S.C. §1446(a). As grounds for removal, Defendants state as follows:

## I. PROCEDURAL BACKGROUND

    1.    On December 26, 2025, Plaintiffs ESSENTIALLY EMPOWERED, INC., RESOURCES AND BEYOND, INC., and A BETTER TOMORROW FOR MOMMIES, INC., ("Plaintiffs") filed a Complaint in Milwaukee County Circuit Court in the State of Wisconsin, which was assigned Case No. 2025 CV 11000.

    2.    Defendants UnikeMKE, Inc. d/b/a UniteWI and UniteWI, LLC were personally served on January 16, 2026.

3. Defendants now file this Notice of Removal within the thirty-day time required by 28 U.S.C. §1331.

4. This Notice of Removal is filed in the United States District Court for the Eastern District of Wisconsin, Milwaukee Division, which embraces the Milwaukee County Circuit Court where the state action is pending, as required by 28 U.S.C. § 1441(a), and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

5. Defendants are providing written notice of this removal to all adverse parties and to the state court.

6. Attached hereto as Exhibit "A" is the Index of Matters Being Filed. A copy of the Milwaukee County Clerk's file for this case is attached as Exhibit "B", which includes true and correct copies of all executed process, pleadings, and orders.

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL

7. Removal is proper under 28 U.S.C. §1331 in that there are claims alleged that arise under federal law and subject to the sole jurisdiction of federal courts by statute, and thus properly removable pursuant to 28 U.S.C. § 1331. Plaintiffs' Complaint asserts a claim under 41 U.S.C. § 4712, the federal whistleblower protection statute for contractor and grantee employees.

8. The amount alleged to be in controversy exceeds $75,000. While Plaintiffs' Complaint does not specify an amount in controversy, it seeks relief from Defendants in excess of $60,000 under theories of breach of contract and puts forth facts and claims for defamation and intentional interference with contract damages, which make it facially apparent that the amount in controversy exceeds $75,000. (See Pls' Compl., at ¶45-57).

## III. BASIS FOR REMOVAL

2

9. Plaintiffs' Complaint asserts a claim under 41 U.S.C. § 4712, the federal whistleblower protection statute for contractor and grantee employees, which expressly grants jurisdiction to "the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy." The statute establishes mandatory jurisdiction in federal court.

10. This case therefore 'arises under' federal law within the meaning of 28 U.S.C. § 1331 on the basis of § 4712.

11. Plaintiffs' Complaint asserts a claim under 31 U.S.C. § 3730(h), the anti-retaliation provision of the False Claims Act. Section 3730(h)(2) expressly provides that "An action under this subsection may be brought in the appropriate district court of the United States," establishing that this claim arises under federal law.

12. While the 7th Circuit in *Brandon v. Anesthesia & Pain Mgmt. Assocs.*, 277 F.3d 936 (7th Cir. 2002), recognized that § 3730(h) does not preempt state law claims, the existence of concurrent state court jurisdiction does not divest federal courts of original jurisdiction over federal claims.

13. This case therefore 'arises under' federal law within the meaning of 28 U.S.C. § 1331 on the basis of § 3730(h).

14. Plaintiffs' Complaint asserts a variety of other claims arising from contracts administered pursuant to the Health Resources and Services Admnistration ("HRSA"), a division of thet US Department of Health and Human Services, 45 CFR Part 75. (See Pls' Compl., at ¶17).

15. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of Milwaukee County Circuit Court, promptly after filing the same with this Court.

3

## IV.  JURY DEMAND

16.     UniteWI, Inc. d/b/a UniteWI and Unite WI, LLC hereby make this demand for a jury trial.

## V.  PRAYER

17.     For the foregoing reasons, Defendants UniteMKE, Inc. d/b/a UniteWI and UniteWI, LLC, remove the action to this Federal Court and request this case be placed on the docket of the United States District Court for the Eastern District of Wisconsin, Milwaukee Division.

Respectfully submitted,

**McCOY LEAVITT LASKEY LLC**
Attorneys for Defendants, UniteMKE, Inc. d/b/a
UniteWI, and UniteWI, LLC

Dated: February 16, 2026

By: *Electronically signed by Michael D. Aiken*
Michael D. Aiken          SBN 1060331
Riverwood Corporate Center III
N19 W24200 Riverwood Drive, Ste. 125
Waukesha, WI 53188
Phone:      (262) 522-7000
Fax:          (262) 522-7020
maiken@mlllaw.com

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ESSENTIALLY EMPOWERED, INC.,
RESOURCES AND BEYOND, INC., and
A BETTER TOMORROW FOR MOMMIES, INC.,

     Plaintiffs,

                                                 Case No.

v.

UNITEMKE, INC. d/b/a UNITEWI, and
UNITEWI, LLC,

     Defendants.

## NOTICE OF REMOVAL INDEX OF MATTERS

     UNITEMKE, INC. d/b/a UNITEWI, and UNITEWI, LLC, Defendants in the above-entitled and numbered cause, provide this index of matters being filed together with the documents and information required by 28 U.S.C. § 1446(a):

Exhibit A:     Index of matters being filed

Exhibit B:     All executed process, all pleadings asserting causes of action, all answers to such pleadings, all orders signed by the state judge and the docket sheet

# EXHIBIT "B"

# Milwaukee County Case Number 2025CV011000 Essentially Empowered, Inc. et al vs. UniteMKE, Inc. et al

## Case summary

| **Filing date** | **Case type** | **Case status** |
|---|---|---|
| 12-26-2025 | Civil | Open - Electronic filing |

| **Class code description** | **Responsible official** | **Branch ID** |
|---|---|---|
| Other–Contract | Kies-45, Jean Marie | 45 |

### Party summary

| Party type | Party name | Party status |
|---|---|---|
| Plaintiff | Essentially Empowered, Inc. | |
| Plaintiff | A Better Tomorrow For Mommies, Inc. | |
| Plaintiff | Resources And Beyond, Inc. | |
| Defendant | UniteMKE, Inc. | |
| Defendant | UniteWI, LLC | |

## Parties

### Plaintiff: Essentially Empowered, Inc.

| **Date of birth** | **Sex** | **Race** |
|---|---|---|
| | | |

**Address (last updated 12-26-2025)**
120 S. Orchard St., Mequon, WI 53092 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Carlson, David | No | 12-26-2025 |

### Plaintiff: A Better Tomorrow For Mommies, Inc.

| **Date of birth** | **Sex** | **Race** |
|---|---|---|
| | | |

**Address (last updated 12-26-2025)**
2717 W Atkinson Ave, Milwaukee, WI 53209 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Carlson, David | No | 12-26-2025 |

**Plaintiff: Resources And Beyond, Inc.**

| Date of birth | Sex | Race |
|---|---|---|

**Address (last updated 12-26-2025)**
8700 W. Brown Deer Rd., Milwaukee, WI 53224 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Carlson, David | No | 12-26-2025 |

**Defendant: UniteMKE, Inc.**

| Date of birth | Sex | Race |
|---|---|---|

**Address (last updated 12-26-2025)**
1433 N. Water St. STE 400, Milwaukee, WI 53202 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Baldwin, Timothy Lloyd | No | 12-26-2025 |
| Aiken, Michael Doering | No | 02-05-2026 |

**Defendant: UniteWI, LLC**

| Date of birth | Sex | Race |
|---|---|---|

**Address (last updated 12-26-2025)**
1433 N. Water St. STE 400, Milwaukee, WI 53202 US

**Attorneys**

| Attorney name | Guardian ad litem | Entered |
|---|---|---|
| Baldwin, Timothy Lloyd | No | 12-26-2025 |
| Aiken, Michael Doering | No | 02-05-2026 |

## Court activities

| Date | Time | Location | Description | Type | Court official |
|---|---|---|---|---|---|
| 03-06-2026 | 11:00 am | Milwaukee County Courthouse, RM 413 | Scheduling conference | Court | Kies-45, Jean Marie |

## Court record

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 02-05-2026 | Notice of hearing | | | |

**Additional text:**

Scheduling conference on March 6, 2026 at 11:00 am.

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 02-05-2026 | Answer and affirmative defense | | | |

**Additional text:**

received and filed.

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 02-05-2026 | Notice of Appearance | | | |

**Additional text:**

Attorney Michael Aiken representing Defendants - received and filed.

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 02-05-2026 | Electronic Notice Update | | | |
| 02-05-2026 | eFiled Document Fee Paid | | | $35.00 |

**Additional text:**

Adjustment Number: 26A 016190,
Payable Number: 1292558,
Receipt Number: 26RP005268,
Amount: $35.00

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 12-26-2025 | Filing fee paid | | | $304.00 |

**Additional text:**

Adjustment Number: 25A 174573,
Payable Number: 1283859,
Receipt Number: 25RP050631,
Amount: $304.00

| Date | Event | Court official | Court reporter | Amount |
|------|-------|----------------|----------------|--------|
| 12-26-2025 | Case initiated by electronic filing | | | |
| 12-26-2025 | Summons and complaint | Kies-45, Jean Marie | | |

FILED
12-26-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV011000
Honorable Jean Marie
Kies-45
Branch 45

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **MILWAUKEE**

Essentially Empowered, Inc. et al vs. UniteMKE, Inc. et al     **Electronic Filing Notice**

Case No. 2025CV011000
Class Code: Other-Contract

---

UNITEMKE, INC.
1433 N. WATER ST. STE 400
MILWAUKEE WI 53202

Case number 2025CV011000 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 698a1a**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4140.

Milwaukee County Circuit Court
Date: December 26, 2025

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **MILWAUKEE**

Essentially Empowered, Inc. et al vs. UniteMKE, Inc. et al    **Electronic Filing Notice**

Case No. 2025CV011000
Class Code: Other-Contract

FILED
12-26-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV011000
Honorable Jean Marie
Kies-45
Branch 45

UNITEWI, LLC
1433 N. WATER ST. STE 400
MILWAUKEE WI 53202

Case number 2025CV011000 was electronically filed with/converted by the Milwaukee County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 698a1a**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 414-278-4140.

Milwaukee County Circuit Court
Date: December 26, 2025

FILED
12-26-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV011000
Honorable Jean Marie
Kies-45
Branch 45

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **MILWAUKEE COUNTY**

**ESSENTIALLY EMPOWERED, INC.,**
**RESOURCES AND BEYOND, INC.,** and
**A BETTER TOMORROW FOR MOMMIES, INC.,**
Plaintiffs,

Civil Court  Class Code: 30303

v.

Case No.: _____

**UNITEMKE, INC. d/b/a UNITEWI, and**
**UNITEWI, LLC,**
Defendants.

---

### SUMMONS

---

**To the Defendants named above:**

You are hereby notified that the Plaintiffs named above have filed a lawsuit against you. The Complaint, which is attached to this Summons, states the nature of the claims and the relief sought.

Within twenty (20) days after service of this Summons and Complaint, you must file a written Answer or other appropriate response with the Clerk of Circuit Court for Milwaukee County and serve a copy of your response on the Plaintiffs' attorney.

If you fail to file and serve a timely response, judgment may be entered against you in accordance with the demands of the Complaint, without further notice.


**Service and Filing Address for Plaintiffs' Attorney:**

Attorney David Carlson
Eau Claire Legal, LLC
2811 Charleston Court
Eau Claire, WI 54703

david@eauclaire.legal
(715) 495-7445
WI State Bar No. 1138342

**Service and Filing Address for Milwaukee County Clerk of Circuit Court:**

Milwaukee County Courthouse
901 North 9th Street Rm. 104,
Milwaukee, WI 53233

Issued By:

**Attorney David Carlson**
Eau Claire Legal LLC
2811 Charleston Court
Eau Claire, WI 54703
Phone: (715) 495-7445
Email: david@eauclaire.legal
WI SBN 1138342

Issued in the name of the Clerk of Circuit Court pursuant to Wis. Stat. § 801.09.

FILED
12-26-2025
Anna Maria Hodges
Clerk of Circuit Court
2025CV011000
Honorable Jean Marie
Kies-45
Branch 45

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

---

ESSENTIALLY EMPOWERED, INC.,
RESOURCES AND BEYOND, INC., and
A BETTER TOMORROW FOR MOMMIES, INC.,
    **Plaintiffs,**

v.

UNITEMKE, INC. d/b/a UNITEWI,
UNITEWI, LLC,
    **Defendants.**

**COMPLAINT**  Class Code: 30303

**CASE NO.**_____

---

### COMPLAINT

---

    **NOW COME** the Plaintiffs, Essentially Empowered, Inc., Resources and Beyond, Inc., and A Better Tomorrow for Mommies, Inc., by and through their legal counsel, Attorney David Carlson of Eau Claire Legal, LLC, and for their complaint against the Defendants, UniteMKE, Inc. d/b/a UniteWI and UniteWI, LLC, state and allege as follows:

**I. PARTIES**

1. Plaintiff Essentially Empowered, Inc. ("EE") is a Wisconsin nonprofit corporation with its principal place of business at 120 S Orchard St., Thiensville, WI 53092, and is operated and directed by Dr. Lakeeta Watts.

2.  Plaintiff Resources and Beyond, Inc. ("R&B") is a Wisconsin nonprofit corporation with its principal place of business at 8700 W. Brown Deer Road, Milwaukee, WI, and is operated and directed by Sen-Soray Erving.

3.  Plaintiff A Better Tomorrow for Mommies, Inc. ("ABT") is a Wisconsin nonprofit corporation with its principal place of business at 2717 W. Atkinson Ave, Milwaukee, WI 53209, and is operated and directed by Mariah Taylor.

4.  Defendant UniteMKE, Inc. d/b/a UniteWI ("UniteWI") is a Wisconsin nonprofit corporation with its principal office at 1433 N. Water Street, Suite 400, Milwaukee, WI 53202, and is operated and directed by Bria Grant.

5.  Defendant UniteWI, LLC is a Wisconsin limited-liability company that, upon information and belief, was organized and is directed by Bria Grant and is operating from the same principal address as UnitMKE, 1433 N. Water Street Suite 400, Milwaukee, WI 53202.

6.  Upon information and belief, UniteMKE and UniteWI, LLC share management, address, and operations, and have been used interchangeably in administering HRSA grant funds.

7.  At all relevant times, UniteWI, LLC acted as an agent, instrumentality, and alter ego of UniteMKE, Inc. in administering contracts, issuing directives, and withholding payments, and is jointly liable for the conduct alleged herein.

## II. JURISDICTION AND VENUE

8.  This Court has subject-matter jurisdiction under Wis. Stat. § 801.04(1) because the causes of action arise under Wisconsin contract and tort law.

2

9. This Court has personal jurisdiction over the Defendants pursuant to Wis. Stat. § 801.05(1)(d) and (3) because both Defendants are organized under the laws of Wisconsin, maintain their principal offices in Milwaukee County, and transacted the business giving rise to these claims within the State of Wisconsin.

10. Venue is proper in Milwaukee County under Wis. Stat. § 801.50(2)(a) because the Defendants reside, maintain their principal place of business, and conduct the transactions at issue in this county.

11. All conditions precedent to bringing this action have been satisfied or excused.

## III. FACTUAL ALLEGATIONS

12. Defendant UniteMKE, Inc. d/b/a UniteWI ("UniteWI") is a Wisconsin nonstock corporation that, at all relevant times, served as the prime recipient of federal grant funds from the Health Resources and Services Administration ("HRSA"), a division of the U.S. Department of Health and Human Services, under the Healthy Start Program for fiscal years 2024–2026. Ex. 1, 2, 3, 4, 5.

13. Defendant UniteWI, LLC is a Wisconsin limited-liability company organized by Bria Grant, who simultaneously serves as Executive Director of UniteWI. Upon information and belief, both entities operate interchangeably in the administration of Health Resources and Services Administration ("HRSA") funded programs.

14. Bria Grant is the registered agent for both UniteWI, LLC and UniteMKE.

15. UniteWI, LLC and UniteMKE both have the same principal office.

3

16. HRSA's Healthy Start program is designed to (1) provide perinatal and early childhood health services and (2) convene community partners to reduce disparities in maternal and infant outcomes.

17. As a pass-through entity, UniteWI was required to comply with 45 C.F.R. Part 75, including subrecipient monitoring and the imposition of applicable federal award conditions on subawards. See 45 C.F.R. § 75.352. Plaintiffs do not seek to enforce federal regulations directly but allege Defendants' federal obligations as factual context demonstrating Defendants' duties, course of conduct, and bad faith under Wisconsin law.

18. On or about May 1, 2024, UniteWI entered into written Agreements with Plaintiffs EE, R&B, and ABT to provide perinatal health, case management, and family-support services under the Healthy Start grant. Ex. 1, 2, 3.

19. Each subcontract required UniteWI to pay a specified amount of money per participant, up to a capped amount annually, within thirty (30) days of receipt of documentation showing services rendered. Ex. 1, 2, 3.

20. Under the contract, UniteWI agreed to compensate Essentially Empowered at the rate of $800 per participant served, up to a total maximum of $60,000 for all services rendered during the contract term May 1, 2024, to March 31, 2025. Ex. 1.

21. Under the Agreement between UniteWI and Essentially Empowered, payment was structured on a per-participant basis and had historically been processed and paid upon submission of service documentation. Ex. 1.

22. From May 2024 through March 2025, UniteWI accepted and paid Essentially Empowered's using the same documentation format later deemed "insufficient" by

4

UniteWI, thereby confirming both the adequacy of documentation and UniteWI's understanding of the services rendered. Ex. 6.

23. Under the Agreement between UniteWI and ABT, UniteWI was required to compensate ABT for Healthy Start services provided to enrolled participants upon submission of documentation of those services. Ex. 2.

24. ABT provided case management, education, outreach, and participant support consistent with Healthy Start program requirements. Ex. 2.

25. In April and May 2025, ABT provided services to enrolled Healthy Start participants and submitted documentation of services totaling $11,675.00, reflecting services actually rendered.

26. UniteWI did not dispute that the services provided by ABT occurred at the time they were provided and did not identify any participant who failed to receive services.

27. Instead of processing payment, UniteWI issued a "Cease and Desist" letter to ABT's director, Mariah Taylor, challenging ABT's entitlement to payment and threatening legal consequences if ABT communicated concerns to HRSA or the Office of Inspector General, thereby compounding the financial harm caused by the nonpayment. Ex. 7.

28. In April and May 2025, Essentially Empowered provided Healthy Start services to enrolled participants consistent with the Agreement, including prenatal visits, birth support, postpartum visits, education, and community health services.

29. Essentially Empowered timely submitted documentation dated May 10 and May 12, 2025, totaling $25,000.00, which reflected services actually provided to identified participants. Ex. 8.

5

30. Despite acknowledging receipt of documentation and previously paying for services recorded under the same documentation standards, UniteWI withheld payment of the $25,000.00 owed to Essentially Empowered without identifying any specific participant who did not receive services, and without producing any audit, disallowance, or written finding of noncompliance from HRSA. Ex. 1, 8, 10.

31. UniteWI was required under its contract with R&B to pay $600.00 per participant, up to a total of $15,000.00, for services provided between July 1, 2024 and March 31, 2025. Ex. 3.

32. UniteWI was required under its contract with R&B to pay $600.00 per participant for sixty (60) participants up to $36,000.00 under a value-based payment for outcomes model from April 1, 2025 to March 31, 2026. Ex. 5.

33. UniteWI was required to pay R&B 30% of the total contract amount when participant was successfully enrolled in Healthy Start with documentation completed; UniteWI was required to pay R&B 40% of contract amount when the participant received follow-up contact and continued engagement has been documented; and UniteWI was required to pay 30% of contract amount when participant has been referred to and has accessed external services with follow-up confirmation. Ex. 5.

34. In the 2025-26 Agreement with UniteWI, R&B was required to submit monthly deliverables to admin@unitewi.org, and to carbon copy bria@unitewi.org, which is Executive Director Bria Grant's UniteWI email address, using a provided documentation template, upon which, UniteWI would process payment within thirty (30) days of verified documentation receipt.

6

35. Plaintiffs performed their contractual duties in full, including recruitment of participants, prenatal and postpartum visits, childbirth education, breastfeeding support, and community-based outreach.

36. Between May 2024 and March 2025, UniteWI accepted documentation and paid to Essentially Empowered more than $28,000, thereby confirming the validity of the contracts and performance of required services.

37. Beginning April 2025, UniteWI withheld payments from all Plaintiffs while continuing to demand additional work and documentation. Ex. 2, 9.

38. Defendants repeatedly altered reporting and documentation requirements without written amendment or reasonable notice, creating confusion and administrative hardship.

39. Defendants' conduct deprived Plaintiffs of the benefit of their bargains by imposing new, retroactive conditions after services were performed and then using those conditions as a pretext to avoid payment.

40. Plaintiffs continued to serve clients, absorbing operating costs, in order to avoid disruption of care to vulnerable families.

41. On May 23, 2025, Executive Director Bria Grant issued an email to all subcontractors announcing a "temporary pause on new client enrollment" and introduction of a "HUB Boot Camp" for data compliance. The message stated that no payments would be disbursed until all documentation was deemed complete. Ex. 2, 9.

42. Plaintiffs complied with these new directives, incurring significant expense to hire data specialists and meet changing expectations. Ex. 2.

7

43. On July 10, 2025, UniteWI's Data Director Dathan Simpson ("DJ") acknowledged receipt of revised documentation from Essentially Empowered and confirmed it was received the prior week. Despite this acknowledgment, payment was not released.

44. On August 6, 2025, Bria Grant notified Dr. Watts that UniteWI intended to terminate the contract effective August 24, 2025, citing "program priorities and evolving strategic direction." The email promised to pay the April and May amounts owed once client information was finalized, but no payments were ever made. Ex. 2.

45. Plaintiffs provided service documentation to UniteWI for unpaid work as follows:

   a. Essentially Empowered – $25,000 (outstanding from April & May 2025);

   b. Resources and Beyond – $23,400 for Year One clients and additional payment for thirty-six (36) approved Year Two clients;

   c. A Better Tomorrow – $11,675 (outstanding from May 2025).

46. In September 2025, Bria Grant alleged "overpayments" and issued emails refusing to process further service documentation and threatening recovery actions. Ex. 10.

47. UniteWI failed to produce any accounting or evidence supporting its "overpayment" claim. These assertions of overpayment were false and unsupported by any audit, HRSA finding, or contractual disallowance.

48. During this same period, UniteWI officers made public social-media posts implying that subcontractors had engaged in "fraud, waste, or abuse" of federal funds.

49. These statements were knowingly false, intentionally misleading, and directly referenced Plaintiffs.

50. The statements referenced specific agencies by name or by readily identifiable description, such that reasonable viewers understood Plaintiffs to be the subjects of the statements.

**Damages to Essentially Empowered, Inc.**

51. As a direct and proximate result of UniteWI's failure to pay $25,000.00 owed under the Agreement, Essentially Empowered was forced to divert operating funds, delay payments to staff and contractors, and absorb costs associated with continued service delivery.

52. Additionally, public statements by UniteWI suggesting misconduct damaged Essentially Empowered's professional reputation within the maternal-health and HRSA-funded provider community, impairing its ability to obtain future contracts and referrals, including relationships with county agencies, healthcare partners, and other grant-funded programs in the Milwaukee maternal-health ecosystem.

**Damages to Resources And Beyond, Inc.**

53. UniteWI's failure to pay at least $23,400.00 owed for Year One services, together with its refusal to pay for 36 approved Year Two participants despite R&B's documented performance, disrupted R&B's cash flow, staffing stability, and program planning.

54. UniteWI's accusations of overpayment and implied misconduct further harmed R&B's credibility with community partners and funders.

**Damages to A Better Tomorrow For Mommies**

55. UniteWI's failure to pay $11,675.00 owed to ABT, combined with the July 15, 2025 Cease and Desist letter threatening legal action for reporting concerns, caused financial loss, reputational harm, and emotional distress to ABT's leadership.

56. UniteWI's actions interfered with ABT's ability to continue providing services and undermined its standing within the Healthy Start and maternal-health community.

9

57. As a result, Plaintiffs' professional reputations were damaged and their opportunities for future contracts with public agencies diminished.

58. On July 15, 2025, Executive Director Bria Grant sent a Cease and Desist letter to Plaintiff Mariah Taylor, demanding that she refrain from communicating with HRSA or the U.S. Department of Health and Human Services Office of Inspector General (OIG) about UniteWI's management of federal funds.

59. The letter threatened legal action if Ms. Taylor made formal complaints to regulators, characterizing her intentions as "defamatory" and "administrative interference."

60. Plaintiffs believe the letter was an attempt to deter protected whistleblower activity and constitutes retaliation in violation of 42 U.S.C. § 4712, 31 U.S.C. § 3730(h), and 45 C.F.R. § 75.113. Plaintiff ABT asserts this claim under Wisconsin public policy and common law, with federal statutes cited as expressions of that public policy.

61. UniteWI's contract templates lacked numerous federally required provisions, including:

    a. HIPAA and Business Associate Agreement requirements (45 C.F.R. Parts 160, 164);

    b. Audit and records-access clauses (45 C.F.R. §§ 75.352(e)(5), 75.361);

    c. Debarment and suspension assurances (45 C.F.R. § 75.213; Appendix II to Part 200);

    d. Civil rights and nondiscrimination clauses (Title VI; Section 504); and

    e. Insurance and risk-management requirements (45 C.F.R. § 75.303).

62. These omissions rendered UniteWI's subcontract framework noncompliant with federal requirements and contributed to confusion, delays, and mismanagement of funds. Ex. 1, 5.

10

63. Plaintiffs timely demanded payment and provided documentation evidencing complete performance.

64. UniteWI refused payment and failed to retract its false statements.

65. Plaintiffs have suffered substantial financial loss, reputational harm, and emotional distress as a direct and proximate result of Defendants' conduct.

66. All conditions precedent to bringing this action have been met, waived, or excused.

## IV. CONDUCT OF DEFENDANTS

67. Defendants failed to pay for services rendered, breached express contract terms, and acted in bad faith.

68. Defendants made and published false statements that Plaintiffs engaged in fraudulent or unethical conduct, constituting defamation per se.

69. Defendants interfered with Plaintiffs' business relationships by discouraging other community organizations from working with them and by damaging their reputation with HRSA-funded networks.

70. Defendants attempted to retaliate against Plaintiffs, specifically Ms. Taylor, for communicating concerns to federal oversight agencies, in violation of federal whistleblower protections.

## V. CAUSES OF ACTION

### COUNT I – Breach of Contract

11

71. This Count is brought by Plaintiffs EE, R&B, and ABT against Defendants UniteMKE and UniteWI, LLC.

72. Plaintiffs reallege and incorporate by reference ¶¶ 1-66 as if fully set forth herein.

73. Defendants entered into valid contracts with each Plaintiff and failed to pay the agreed-upon compensation.

**COUNT II — Breach of the Implied Covenant of Good Faith and Fair Dealing**

74. This Count is brought by Plaintiffs EE, R&B, and ABT against Defendants UniteMKE and UniteWI, LLC.

75. Plaintiffs reallege and incorporate by reference ¶¶ 1-66 as if fully set forth herein.

76. Defendants arbitrarily changed reporting standards and withheld payment to frustrate Plaintiffs' ability to receive benefits of the contracts.

77. Defendants' conduct breached the implied covenant of good faith and fair dealing inherent in each contract.

**COUNT III — Defamation (Per Se)**

78. This Count is brought by Plaintiffs EE, R&B, and ABT against Defendants UniteMKE and UniteWI, LLC, for statements made and published by UniteWI's officers and agents, including Executive Director Bria Grant, within the scope of their duties and/or with UniteWI's authorization.

79. Plaintiffs reallege and incorporate by reference ¶¶ 1-66 as if fully set forth herein.

12

80. Defendants published false statements accusing Plaintiffs of fraudulent use of federal funds, imputing criminal and professional misconduct.

**COUNT IV — Tortious Interference with Business Relations**

81. This Count is brought by Plaintiffs EE, R&B, and ABT against Defendants UniteMKE and UniteWI, LLC.

82. Plaintiffs reallege and incorporate by reference ¶¶ 1-66 as if fully set forth herein.

83. Defendants' conduct intentionally and unjustifiably interfered with Plaintiffs' existing and prospective contracts and relationships in the community health sector.

**COUNT V — Whistleblower Retaliation / Violation of Public Policy**

84. This Count is brought by Plaintiff ABT against Defendants UniteMKE and UniteWI based on the July 15, 2025 cease-and-desist letter threatening adverse action for reporting to HRSA or OIG.

85. Plaintiffs reallege and incorporate by reference ¶¶ 1-66 as if fully set forth herein.

86. By issuing threats and attempting to chill ABT's right to report to HRSA and OIG, Defendants violated 42 U.S.C. § 4712, 31 U.S.C. § 3730(h), and Wisconsin's public policy favoring protection of whistleblowers.

**COUNT VI — Declaratory and Injunctive Relief**

87. Plaintiffs seek declaratory relief regarding Defendants' payment obligations and contract breaches, and injunctive relief requiring preservation of records and prohibiting further defamatory or retaliatory conduct.

13

88. Plaintiffs reallege and incorporate by reference ¶¶ 1-66 as if fully set forth herein.

89. Plaintiffs seek a declaration that Defendants breached their contracts and request injunctive relief preserving records and prohibiting further defamatory or retaliatory conduct.

90. This claim is brought under Wis. Stat. § 806.04 (Declaratory Judgments Act) and the Court's equitable powers.

91. Plaintiffs further request an order requiring Defendants to preserve and produce program records, invoices, communications, and social-media content relevant to the allegations herein.

## VI. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, jointly and severally, for:

a.   Unpaid contract amounts including, at minimum: $25,000.00 owed to Essentially Empowered, Inc.; $23,400.00 plus unpaid Year Two participant compensation owed to Resources and Beyond, Inc.; and $11,675.00 owed to A Better Tomorrow for Mommies, Inc., together with any additional amounts proven at trial;

b.   Consequential and incidental damages for lost business opportunities and reputational harm;

c.   General damages for emotional distress and humiliation;

d.   Punitive damages for malicious or reckless conduct;

e.   taxable costs under Wis. Stat. § 814.04 and such attorney's fees as may be recoverable by contract, statute, or other applicable law;

f.   Declaratory and injunctive relief as stated herein; and

g.   Such other and further relief as the Court deems just and proper.

14

**JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable pursuant to Wis. Stat. § 805.01.


Respectfully submitted,

Electronically Signed By: David Carlson
Attorney David Carlson
Eau Claire Legal LLC
2811 Charleston Ct.,
Eau Claire, WI 54703
david@eauclaire.legal
(715) 495-7445
WI SBN: 1138342


Attorney for the Plaintiffs: Essentially Empowered, A Better Tomorrow For Mommies, &
Resources and Beyond

# Exhibit 1



## Agreement Between UniteWI and Essentially Empowered Inc.

The purpose of this document is to define the agreement between UniteWI whose principal address is 1433 N Water St Suite 400 Milwaukee, WI 53202, Phone: 414-435-0506 Ext 406 Email: admin@weareUniteWI.org and Essentially Empowered Inc.(Contractor) located at 120 South Orchard St Thiensville, WI 53092 Phone: 262-424-6218 Email:lakeetawatts@outlook.com.

**I: COST OF SERVICES**
UniteWI agrees to pay Contractor $800 per participant up to $60,000 for services provided in accordance with the terms and conditions of this agreement beginning May 1, 2024 through March 31, 2025.

**II: SCOPE OF SERVICES:**
Contractor will provide Perinatal health services to families referred from Healthy Start Wisconsin as follows:
A team of Doulas to support the work

- Clients would receive:
  *6+ Prenatal Visits (Intake, birthplan, trust plan, postpartum plan, positioning, nutrition, miscellaneous)
  *Birth Support
  *4+ Postpartum Visits (Initial visit, BP check, infant weight, breastfeeding/infant feeding support, postpartum duties)
- Classes/Workshops Offered will include:
  *ACTT Advocacy
  *Birth Rights
  *Breastfeeding Peer
  *Trauma Informed Care for Birth workers
  *Childbirth Education
- Support Groups
  *Breastfeeding
  *Postpartum Support

**Background**
The purpose of Healthy Start is to improve health outcomes before, during, and after pregnancy and reduce the well-documented racial/ethnic differences in rates of infant death and adverse perinatal outcomes. Healthy Start is intended to support projects in communities and populations experiencing the greatest disparities in maternal and infant health outcomes.

## Exhibit 1



Healthy Start has two focus areas: 1) providing direct and enabling services (for example, screening and referrals, case management and care coordination, health and parenting education, and linkage to clinical care) to enrolled HS participants; and 2) convening Community Consortia (formerly known as Community Action Networks or "CANs") comprised of diverse, multi-sector partners to advise and inform Healthy Start activities as well as to develop and implement plans to improve perinatal outcomes within the selected project area. HS continues to have an increased emphasis on addressing social determinants of health, such as access to adequate food, housing, and transportation, to improve disparities in maternal and infant health outcomes. The goals of HS are to: 1) Continue reducing infant mortality rates in the United States, and 2) Decrease disparities in infant mortality and poor perinatal health outcomes in areas where those rates are high.

**Reporting:**

The contractor will be responsible for maintaining records of   participants and complying with HRSA-Healthy Start grant reporting requirements.

This agreement is at-will and may be modified by mutual consent of authorized officials from UniteWI and Essentially Empowered Inc.  This agreement shall become effective upon signature by the authorized officials from UniteWI and Essentially Empowered Inc. and will remain in effect until modified or terminated by any one of the partners by mutual consent.  In the absence of mutual agreement by the authorized officials from UniteWI and Essentially Empowered Inc. this agreement shall end on 03/31/25.

Payments will be made net 30 days of submitted invoices.  Invoices should be submitted (electronically or by U.S. mail) to: UniteWI attn.  Bria Grant, Executive Director 1433 N. Water St. Ste 400. Milwaukee, WI 53202 or admin@weareunitewi.org (cc: bria@weareunitewi.org).

Contractor understands that under this Agreement Essentially Empowered Inc is acting as an independent Contractor and neither Contractor, nor any other individual employed by or associated with Contractor will be considered a UniteWI employee. Therefore, Contractor is responsible for complying with all IRS requirements in conducting activities under this agreement.

The funds provided will cover all Contractor's staffing, office, and mileage costs. UniteWI is not separately responsible for any of Contractor's expenses including but not limited to: FICA and other income taxes, office or computer supplies, office space, internet access, general telephone access, administrative, mileage or any business insurances needed to complete these tasks.

This agreement becomes null and void:

www.WeAreUniteWI.com

1433 N Water St Suite 400 Milwaukee, WI 53202 Phone: 414-435-0506 Email: Admin@weareUniteWI.org

# Exhibit 1



- If the time between the earlier dated signature and the later dated signature on this agreement exceeds sixty (60) days inclusive of the two signature dates, or
- If UniteWI has not received a properly signed original copy from Contractor within forty-five (45) days.

Signature: ☐                              Signature:

Lakeeta Watts              08/30/24

Essentially Empowered Inc    Date          UniteWI        Date

**Exhibit 2**

**Agreement Between UniteWI and
A Better Tomorrow**

The purpose of this document is to define the agreement between UniteWI whose principal address is <u>1433 N Water St Suite 400 Milwaukee, WI 53202, Phone: 414-435-0506 Ext 406 Email: admin@UniteWI.org</u> and A Better Tomorrow (Contractor) located at <u>6285 W Port Ave Milwaukee, WI 53223</u>. Phone: 414-899-5346; Email: mariahtaylor182@gmail.com

## I: COST OF SERVICES

UniteWI agrees to pay Contractor <u>$600 per participant up to $24,000</u> for services provided in accordance with the terms and conditions of this agreement beginning July 1, 2024 through March 31, 2025.

## Scope of Services
Direct and Enabling Services for 40 Healthy Start Participants
- Case management/care coordination to facilitate access to medical care and community-based resources.
- Education of healthy behaviors before, during, and after pregnancy.
- Promote the use of <u>healthy and safe infant and</u> <u>toddler care practices</u>.
- Conduct outreach, recruitment & retention efforts for HS participants & retention (can use gift cards or diapers for this)

## Payment breakdown
$350-Initial Assessment, Case management/PNCC services
- Implement a continuum of services to meet the unique needs of HS participants
$250-3 Month Follow-Up

## Background
The purpose of Healthy Start is to improve health outcomes before, during, and after pregnancy and reduce the well-documented racial/ethnic differences in rates of infant death and adverse perinatal outcomes.

Healthy Start has two focus areas: 1) providing direct and enabling services (for example, screening and referrals, case management and care coordination, health and parenting education, and linkage to clinical care) to enrolled HS participants; and 2) convening Community Consortia (formerly known as Community Action Networks or "CANs") comprised of diverse, multi-sector partners to advise and inform Healthy Start activities as well as to develop and implement plans to improve perinatal outcomes within the selected project area. HS continues to have an increased emphasis on addressing social determinants of health, such as access to adequate food, housing, and transportation, to improve disparities in maternal and infant health outcomes. The goals of HS are to: 1)  Continue reducing infant mortality rates in the United States, and 2)  Decrease disparities in infant mortality and poor perinatal health outcomes in areas where those rates are high.

# Exhibit 2



**Reporting:**

The Contractor will be responsible for maintaining records of participants and complying with HRSA-Healthy Start grant reporting requirements.

This agreement is at-will and may be modified by mutual consent of authorized officials from UniteWI and A Better Tomorrow. This agreement shall become effective upon signature by the authorized officials from UniteWI and A Better Tomorrow and will remain in effect until modified or terminated by any one of the partners by mutual consent. In the absence of mutual agreement by the authorized officials from UniteWI and A Better Tomorrow this agreement shall end on 03/31/25.

Payments will be made net 30 days of submitted invoices. Invoices should be submitted (electronically or by U.S.mail) to: UniteWI attn: Bria Grant, Executive Director 1433 N. Water St. Ste 400. Milwaukee, WI 53202 or admin@weareunitewi.org (cc: bria@weareunitewi.org).

Contractor understands that under this Agreement A Better Tomorrow is acting as an independent Contractor and neither Contractor, nor any other individual employed by or associated with Contractor will be considered a UniteWI employee. Therefore, Contractor is responsible for complying with all IRS requirements in conducting activities under this agreement.

The funds provided will cover all Contractor's staffing, office and mileage costs. UniteWI is not separately responsible for any of Contractor's expenses including but not limited to: FICA and other income taxes, office or computer supplies, office space, internet access, general telephone access, administrative, mileage or any business insurances needed to complete these tasks.

The Contractor shall be fully responsible for any subcontractors engaged to perform activities under this agreement. Specifically, the Contractor is accountable for ensuring that all subcontracted work complies with the requirements outlined in this agreement, including but not limited to data handling, client engagement, and adherence to HRSA-Healthy Start grant reporting standards. The Contractor must also ensure that subcontractors maintain the same level of confidentiality, professionalism, and compliance as required of the Contractor. Any issues arising from subcontracted activities shall remain the sole responsibility of the Contractor.

This agreement becomes null and void:
- If the time between the earlier dated signature and the later dated signature on this agreement exceeds sixty (60) days inclusive of the two signature dates, or
- If UniteWI has not received a properly signed original copy from Contractor within forty-five (45) days.
- 

Signature: Mariah Taylor (Dec 11, 2024 10:25 CST)       Signature: _____

Printed Name **Mariah Taylor**       Printed Name

A Better Tomorrow     Date      UniteWI     Date

# Exhibit 3

**Agreement Between UniteWI and Resources and Beyond**

The purpose of this document is to define the agreement between UniteWI whose principal address is <u>1433 N Water St Suite 400 Milwaukee, WI 53202, Phone: 414-435-0506 Ext 406 Email: admin@weareUniteWI.org</u> and Resources and Beyond (Contractor) located at 3916 N 25th Milwaukee, WI 53206. Phone: 414-795-8772; Email: sensorayjohnson@gmail.com

## I: COST OF SERVICES

UniteWI agrees to pay Contractor <u>$600 per participant up to $15,000</u> for services provided in accordance with the terms and conditions of this agreement beginning July 1, 2024 through March 31, 2025.

### Scope of Services

Direct and Enabling Services for 25 Healthy Start Participants
- Case management/care coordination to facilitate access to medical care and community-based resources.
- Education of healthy behaviors before, during, and after pregnancy.
- Promote the use of <u>healthy and safe infant and</u> <u>toddler care practices</u>.

### Background

The purpose of Healthy Start is to improve health outcomes before, during, and after pregnancy and reduce the well-documented racial/ethnic differences in rates of infant death and adverse perinatal outcomes. Healthy Start is intended to support projects in communities and populations experiencing the greatest disparities in maternal and infant health outcomes.

Healthy Start has two focus areas: 1) providing direct and enabling services (for example, screening and referrals, case management and care coordination, health and parenting education, and linkage to clinical care) to enrolled HS participants; and 2) convening Community Consortia (formerly known as Community Action Networks or "CANs") comprised of diverse, multi-sector partners to advise and inform Healthy Start activities as well as to develop and implement plans to improve perinatal outcomes within the selected project area. HS continues to have an increased emphasis on addressing social determinants of health, such as access to adequate food, housing, and transportation, to improve disparities in maternal and infant health outcomes. The goals of HS are to: 1)  Continue reducing infant mortality rates in the United States, and 2)  Decrease disparities in infant mortality and poor perinatal health outcomes in areas where those rates are high.

### Reporting:

The Contractor will be responsible for maintaining records of participants and complying with HRSA-Healthy Start grant reporting requirements.

This agreement is at-will and may be modified by mutual consent of authorized officials from UniteWI and Resources and Beyond. This agreement shall become effective upon signature by

www.WeAreUniteWI.com

1433 N Water St Suite 400 Milwaukee, WI 53202 Phone: 414-435-0506 Email: Admin@weareUniteWI.org

# Exhibit 3



the authorized officials from UniteWI and Resources and Beyond and will remain in effect until modified or terminated by any one of the partners by mutual consent. In the absence of mutual agreement by the authorized officials from UniteWI and Resources and Beyond this agreement shall end on 03/31/25.

Payments will be made net 30 days of submitted invoices. Invoices should be submitted (electronically or by U.S.mail) to: UniteWI attn: Bria Grant, Executive Director 1433 N. Water St. Ste 400. Milwaukee, WI 53202 or admin@weareunitewi.org (cc: bria@weareunitewi.org).

Contractor understands that under this Agreement Resources and Beyond is acting as an independent Contractor and neither Contractor, nor any other individual employed by or associated with Contractor will be considered a UniteWI employee. Therefore, Contractor is responsible for complying with all IRS requirements in conducting activities under this agreement.

The funds provided will cover all Contractor's staffing, office and mileage costs. UniteWI is not separately responsible for any of Contractor's expenses including but not limited to: FICA and other income taxes, office or computer supplies, office space, internet access, general telephone access, administrative, mileage or any business insurances needed to complete these tasks.

This agreement becomes null and void:
- If the time between the earlier dated signature and the later dated signature on this agreement exceeds sixty (60) days inclusive of the two signature dates, or
- If UniteWI has not received a properly signed original copy from Contractor within forty-five (45) days.

Signature:                                          Signature:

_____

Resources and Beyond         Date          UniteWI          Date

_____

# Exhibit 4



**HEALTHY START**
**CONTRACTOR AGREEMENT**

**Between UniteWI and** <u>A Better Tomorrow</u>

## I. PURPOSE

This agreement defines the partnership between:

UniteWI
1433 N Water St Suite 400
Milwaukee, WI 53202,
<u>admin@UniteWI.org</u>)
and

<u>A Better Tomorrow</u>, herein referred to as "Contractor," located at

<u>2717 w Atkinson ave</u>

City <u>Milwaukee</u>    St <u>WI</u>  Zip <u>53209</u>

Together, we work to advance the mission of Healthy Start: to reduce racial disparities in maternal and infant health, and improve perinatal outcomes by centering community voice, restoring dignity, and activating trusted systems of care.

## II. COST OF SERVICES (Updated for Value-Based Payment for Outcomes)

UniteWI agrees to compensate the Contractor up to <u>$24,000</u> under a **Value-Based Payment for Outcomes** model. Payment will be structured in alignment with measurable engagement and outcome milestones, reflecting UniteWI's commitment to impact-driven equity work.

**Payment Tiers:**

| Milestone | Payment Percentage | Payment Conditions |
|---|---|---|
| Enrollment + Initial Assessment | 30% | Participant successfully enrolled in Healthy Start with documentation completed. |
| Follow-up (30–90 Day) + Ongoing Case Support | 40% | Participant receives follow-up contact and continued engagement documented. |
| Verified Referral Completion or System Impact | 30% | Participant is referred to and accesses external services with follow-up confirmation. |

1

# Exhibit 4

**Total Possible Per Participant:** $24,000
**Total Contract Value (Max):** $600        ( 40   participants meeting all milestone conditions)

Payment will be issued monthly based on documented outcomes submitted by the 3rd of each following month, using UniteWI's required systems. UniteWI will process verified invoices within 30 days of receipt.

Failure to meet reporting or milestone documentation requirements may result in adjusted payments or a formal performance conversation.

## III. SCOPE OF SERVICES

Contractor agrees to implement the following services in alignment with Healthy Start objectives:

- **Participant Outreach, Enrollment & Retention consistent with HS guidelines:**
    - Pregnant Women
    - Children 18 months and under
    - Fathers of children under 18 months
    - Guardians of children 18 months and under
    - Women in their reproductive years

- **Initial Assessment & Case Management:** Completion of intake, needs assessments, and individualized support plans.

- **Continuum of Care:** Delivery of 30- to 90-day follow-ups, culturally responsive support, and referral navigation.

- **Community Accountability:** Participate in Healthy Start Community Consortia (CAN), contributing to collective strategies addressing social determinants of health.

## IV. WORKFLOW & EXPECTATIONS

**Timeline: April 1, 2025 – March 31, 2026**
**Onboarding & Training (March–April 2025):**

- HS Enrollment Protocols

- CHW Scope, Documentation & Reporting

- Bidirectional Referral Systems

- Supervisor and CHW Training Tracks

2

# Exhibit 4

**Monthly Documentation:**

- CHWs must submit completed records for all activity conducted from the 1st–end of the month by **5:00PM on the 3rd day of the following month** via UniteWI's data system.

- Failure to submit may delay or reduce payment.

**Invoices:**

- Submit monthly to admin@unitewi.org (cc: bria@unitewi.org).

- Use the provided invoice template.

- UniteWI processes payments **within 30 days** of verified invoice receipt.

## V. ACCOUNTABILITY & REPORTING

Contractor shall:

- Maintain accurate, timely participant records aligned with **HRSA-Healthy Start reporting standards.**

- Participate in **quarterly performance check-ins** with UniteWI to review data integrity, outreach efficacy, and case trends.

- Notify UniteWI of staff transitions or programmatic shifts within **five (5) business days**.

- Implement feedback from audits or quality assurance reviews within agreed timelines.

Missed reporting or chronic data deficiencies may result in payment delays, contract review, or termination.

## VI. RELATIONSHIP OF THE PARTIES

Contractor is an **independent entity** and assumes all tax obligations, insurance needs, and operational costs, including but not limited to:
FICA, office space, supplies, travel, and communication.

Contractor shall not represent themselves as a UniteWI employee and will not be eligible for employee benefits.

3

# Exhibit 4



**THE BRIDGE TO COMMUNITY HEALTH**

## VII. TERMINATION & MODIFICATION

- This agreement may be **modified or terminated by mutual consent** of both parties.

- In the absence of mutual agreement, the agreement will **end on March 31, 2026.**

- If Contractor fails to submit a signed agreement within **45 days**, or if more than **60 days** elapse between signature dates, the agreement becomes void.

## VIII. COMMUNICATION & POINTS OF CONTACT

- **UniteWI Contacts:** Dathan Simpson (Data/CHW), Bria Grant (Oversight)

- **Contractor Supervisor Contact:** 4142658764

- Official notices may be delivered:

  o In person

  o Via email (to addresses used for business correspondence)

  o By mail, with effective notice **72 hours after postmark**

## IX. SIGNATURES

By signing below, both parties affirm shared responsibility for advancing equity and centering family wellness through the Healthy Start program.

**Contractor Signature:** _A Better Tomorrow (May 5, 2025 01:43 EDT)_    **Date:** 05/05/2025

**Contractor Printed Name :** A Better Tomorrow

**UniteWI Signature:** _Bria Grant (Jun 17, 2025 10:23 CDT)_    **Date:** 17/06/2025

**UniteWI Printed Name:** Bria Grant

4

Exhibit 4

# A Better Tomorrow- Yr 2 Agreement

**Final Audit Report**                                               2025-06-17

| | |
|---|---|
| Created: | 2025-05-05 |
| By: | Bria Grant (bria@unitemke.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAArZR8BlwQ1Re3r-bNo7gDqMwlEf4ueaF7 |

## "A Better Tomorrow- Yr 2 Agreement" History

📄 Document created by Bria Grant (bria@unitemke.org)
   2025-05-05 - 1:41:16 AM GMT

📧 Document emailed to Mariah Taylor (mariahtaylor182@gmail.com) for signature
   2025-05-05 - 1:41:20 AM GMT

📧 Document emailed to Bria Grant (bria@unitewi.org) for signature
   2025-05-05 - 1:41:20 AM GMT

📧 Email viewed by Mariah Taylor (mariahtaylor182@gmail.com)
   2025-05-05 - 5:40:40 AM GMT

✍️ Signer Mariah Taylor (mariahtaylor182@gmail.com) entered name at signing as A Better Tomorrow
   2025-05-05 - 5:43:09 AM GMT

✍️ Document e-signed by A Better Tomorrow (mariahtaylor182@gmail.com)
   Signature Date: 2025-05-05 - 5:43:11 AM GMT - Time Source: server

📧 Email viewed by Bria Grant (bria@unitewi.org)
   2025-06-17 - 3:16:51 PM GMT

✍️ Document e-signed by Bria Grant (bria@unitewi.org)
   Signature Date: 2025-06-17 - 3:23:31 PM GMT - Time Source: server

✅ Agreement completed.
   2025-06-17 - 3:23:31 PM GMT

 Adobe Acrobat Sign

# Exhibit 5



### HEALTHY START
### CONTRACTOR AGREEMENT

#### Between UniteWI and Resource and Beyond

## I. PURPOSE

This agreement defines the partnership between:

UniteWI
1433 N Water St Suite 400
Milwaukee, WI 53202,
admin@UniteWI.org)
and

Resources and Beyond_____, herein referred to as "Contractor," located at

8704 West Browndeer Rd

City _Milwaukee_____ St _WI_ Zip _53224_____

Together, we work to advance the mission of Healthy Start: to reduce racial disparities in maternal and infant health, and improve perinatal outcomes by centering community voice, restoring dignity, and activating trusted systems of care.

## II. COST OF SERVICES (Updated for Value-Based Payment for Outcomes)

UniteWI agrees to compensate the Contractor up to _$36,000_____ under a **Value-Based Payment for Outcomes** model. Payment will be structured in alignment with measurable engagement and outcome milestones, reflecting UniteWI's commitment to impact-driven equity work.

**Payment Tiers:**

| Milestone | Payment Percentage | Payment Conditions |
|---|---|---|
| Enrollment + Initial Assessment | 30% | Participant successfully enrolled in Healthy Start with documentation completed. |
| Follow-up (30–90 Day) + Ongoing Case Support | 40% | Participant receives follow-up contact and continued engagement documented. |
| Verified Referral Completion or System Impact | 30% | Participant is referred to and accesses external services with follow-up confirmation. |

1

Exhibit 5

**Total Possible Per Participant**: $36,000
**Total Contract Value (Max)**: $600_____ ( 60___ participants
meeting all milestone conditions)



Payment will be issued monthly based on documented outcomes
submitted by the 3rd of each following month, using UniteWI's required systems. UniteWI will
process verified invoices within 30 days of receipt.

Failure to meet reporting or milestone documentation requirements may result in adjusted
payments or a formal performance conversation.

## III. SCOPE OF SERVICES

Contractor agrees to implement the following services in alignment with Healthy Start
objectives:

- **Participant Outreach, Enrollment & Retention consistent with HS guidelines:**
  - Pregnant Women
  - Children 18 months and under
  - Fathers of children under 18 months
  - Guardians of children 18 months and under
  - Women in their reproductive years

- **Initial Assessment & Case Management:** Completion of intake, needs assessments, and individualized support plans.

- **Continuum of Care:** Delivery of 30- to 90-day follow-ups, culturally responsive support, and referral navigation.

- **Community Accountability:** Participate in Healthy Start Community Consortia (CAN), contributing to collective strategies addressing social determinants of health.

## IV. WORKFLOW & EXPECTATIONS

**Timeline:** April 1, 2025 – March 31, 2026
**Onboarding & Training (March–April 2025):**

- HS Enrollment Protocols

- CHW Scope, Documentation & Reporting

- Bidirectional Referral Systems

- Supervisor and CHW Training Tracks

2

# Exhibit 5

**Monthly Documentation:**



- CHWs must submit completed records for all activity conducted from the 1st–end of the month by **5:00PM on the 3rd day of the following month** via UniteWI's data system.

- Failure to submit may delay or reduce payment.

**Invoices:**

- Submit monthly to admin@unitewi.org (cc: bria@unitewi.org).

- Use the provided invoice template.

- UniteWI processes payments **within 30 days** of verified invoice receipt.

## V. ACCOUNTABILITY & REPORTING

Contractor shall:

- Maintain accurate, timely participant records aligned with **HRSA-Healthy Start reporting standards.**

- Participate in **quarterly performance check-ins** with UniteWI to review data integrity, outreach efficacy, and case trends.

- Notify UniteWI of staff transitions or programmatic shifts within **five (5) business days**.

- Implement feedback from audits or quality assurance reviews within agreed timelines.

Missed reporting or chronic data deficiencies may result in payment delays, contract review, or termination.

## VI. RELATIONSHIP OF THE PARTIES

Contractor is an **independent entity** and assumes all tax obligations, insurance needs, and operational costs, including but not limited to:
FICA, office space, supplies, travel, and communication.

Contractor shall not represent themselves as a UniteWI employee and will not be eligible for employee benefits.

3

Exhibit 5



## VII. TERMINATION & MODIFICATION

- This agreement may be **modified or terminated by mutual consent** of both parties.

- In the absence of mutual agreement, the agreement will **end on March 31, 2026.**

- If Contractor fails to submit a signed agreement within **45 days**, or if more than **60 days** elapse between signature dates, the agreement becomes void.

## VIII. COMMUNICATION & POINTS OF CONTACT

- **UniteWI Contacts:** Dathan Simpson (Data/CHW), Bria Grant (Oversight)

- **Contractor Supervisor Contact:** Sen-Soray Erving

- Official notices may be delivered:

  o In person

  o Via email (to addresses used for business correspondence)

  o By mail, with effective notice **72 hours after postmark**

## IX. SIGNATURES

By signing below, both parties affirm shared responsibility for advancing equity and centering family wellness through the Healthy Start program.

Contractor Signature: *Sen-Soray Erving (May 18, 2025 21:30 CDT)*     Date: 18/05/2025

Contractor Printed Name : Sen-Soray Erving

UniteWI Signature: *Bria Grant (Jul 16, 2025 10:39 CDT)*     Date: 16/07/2025

UniteWI Printed Name: Bria Grant

4

Exhibit 5

# Resources and Beyond- Yr 2 Agreement

Final Audit Report                                                    2025-07-16

| | |
|---|---|
| Created: | 2025-05-05 |
| By: | Bria Grant (bria@unitemke.org) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAtaTPF-Mq2RA1oV_71R-7_vivigww-170 |

## "Resources and Beyond- Yr 2 Agreement" History

Document created by Bria Grant (bria@unitemke.org)
2025-05-05 - 2:13:20 AM GMT

Document emailed to Sensorayjohnson@gmail.com (sensorayjohnson@gmail.com) for signature
2025-05-05 - 2:13:29 AM GMT

Email viewed by Sensorayjohnson@gmail.com (sensorayjohnson@gmail.com)
2025-05-05 - 2:13:54 AM GMT

Email viewed by Sensorayjohnson@gmail.com (sensorayjohnson@gmail.com)
2025-05-12 - 1:39:42 PM GMT

Email viewed by Sensorayjohnson@gmail.com (sensorayjohnson@gmail.com)
2025-05-19 - 2:28:01 AM GMT

Signer Sensorayjohnson@gmail.com (sensorayjohnson@gmail.com) entered name at signing as Sen-Soray Erving
2025-05-19 - 2:30:43 AM GMT

Document e-signed by Sen-Soray Erving (sensorayjohnson@gmail.com)
Signature Date: 2025-05-19 - 2:30:45 AM GMT - Time Source: server

Document emailed to Bria Grant (bria@unitewi.org) for signature
2025-05-19 - 2:30:47 AM GMT

New document URL requested by Sen-Soray Erving (sensorayjohnson@gmail.com)
2025-07-11 - 1:13:45 PM GMT

Email viewed by Bria Grant (bria@unitewi.org)
2025-07-16 - 9:36:30 PM GMT

New document URL requested by Bria Grant (bria@unitewi.org)
2025-07-16 - 9:36:39 PM GMT

 **Adobe Acrobat Sign**

Document e-signed by Bria Grant (bria@unitewi.org)
Signature Date: 2025-07-16 - 9:39:00 PM GMT - Time Source: server

Agreement completed.
2025-07-16 - 9:39:00 PM GMT

Exhibit 5

 Adobe Acrobat Sign

Exhibit 6

 Outlook

## Re: Please review

**From** Bria Grant <bria@unitewi.org>

**Date** Fri 9/26/2025 12:05 PM

**To** Lakeeta watts <essentiallyempowered@outlook.com>; R&B Info <info@resourcesandbeyond.org>

**Cc** Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden <Dessa@unitewi.org>; kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA) <mmorrison@hrsa.gov>

As of now there is a documented overpayment for Essentially Empowered as updates had not been received. UniteWI cannot, in good conscious, pay additional dollars when there is work that has not been completed which had already been paid for.

Sent from my T-Mobile 5G Device
Get Outlook for Android

**From:** Lakeeta watts <essentiallyempowered@outlook.com>
**Sent:** Friday, September 26, 2025 1:00:17 PM
**To:** Bria Grant <bria@unitewi.org>; R&B Info <info@resourcesandbeyond.org>
**Cc:** Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden <Dessa@unitewi.org>; kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA) <mmorrison@hrsa.gov>
**Subject:** Re: Please review

The last of what was submitted was submitted previously on September 13th, 2025 to your team. I reached out to ask about payment and they told me another meeting was needed. We have not received payment for April, May and now August. Please let me know when these payments will be made so I can inform my team.

**Dr. Lakeeta Watts, CHW, CD,CLS, CBE, DNM**
***Executive Director***
***Student Midwife***
***Doctor of Natural and Holistic Medicine***
**Essentially Empowered**
**(262) 333-6829**
(262) 333-6829

(26          2) 333-6829

Exhibit 6

**From:** Bria Grant <bria@unitewi.org>
**Sent:** Friday, September 26, 2025 11:53 AM
**To:** R&B Info <info@resourcesandbeyond.org>; Lakeeta watts
<essentiallyempowered@outlook.com>
**Cc:** Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden <Dessa@unitewi.org>;
kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA) <mmorrison@hrsa.gov>
**Subject:** Re: Please review

At this point UniteWI will no longer accept any documentation that has not already been
submitted.

Please feel free to move forward with any processes you feel necessary as UniteWI will do
the same for any calculated overpayments.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Bria Grant <bria@unitewi.org>
**Sent:** Friday, September 26, 2025 12:52:14 PM
**To:** R&B Info <info@resourcesandbeyond.org>; Lakeeta watts
<essentiallyempowered@outlook.com>
**Cc:** Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden <Dessa@unitewi.org>;
kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA) <mmorrison@hrsa.gov>
**Subject:** Re: Please review

Sen-soray,

UniteWI hasn't denied payment for any agency that has submitted the proper
documentation.

All documentation should have been submitted by the time frames stated in the email
regarding the termination of your contract. Lakeeta, have you submitted the requested
documents?

As a note Healthy Start is a federally funded project. UniteWI is responsible for how it
spends and utilizes the resources to support this project. Federal dollars are public dollars
and we responsible to the public for our outcomes.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** R&B Info <info@resourcesandbeyond.org>
**Sent:** Friday, September 26, 2025 12:42:38 PM
**To:** Lakeeta watts <essentiallyempowered@outlook.com>
**Cc:** Bria Grant <bria@unitewi.org>; Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden
<Dessa@unitewi.org>; kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA)
<mmorrison@hrsa.gov>
**Subject:** Re: Please review

Nice letter! Did she deny payment

Exhibit 6

Have a great day,

Sen-Soray Erving
Executive Director
(414) 795-8772
*Resources And Beyond*
*www.Resourcesandbeyond.org*
**"Bringing Resources Forward for a Better You."**

*"Please know that we honor and respect boundaries around your time, well-being, caretaking, and rest. If you happen to receive a message while you are engaging in any of the above, please be sure to protect your time and wait to respond until your next working day or in front of a computer. Prioritize joy, not email, when and where you can."*

On Fri, Sep 26, 2025 at 11:41AM Lakeeta watts <essentiallyempowered@outlook.com> wrote:
Dear Bria,

I am writing on behalf of **Essentially Empowered Inc.** to formally address serious concerns regarding statements made by UniteWI, delays in payment for services rendered, and public comments that have damaged our organization's reputation.

## 1. False and Defamatory Statements

Recently, statements and social-media posts from UniteWI representatives have alluded to fraudulent billing, non-delivery of services, and pre-payment prior to work performed. These statements are false, defamatory, and harmful. At no point did Essentially Empowered receive payment before proof of service. Payments were only issued upon documented evidence of services rendered.

We provided consistent updates and data in the form of spreadsheets that were approved by DJ, your data specialist. As recently as our last meeting with DJ and Dessa, DJ confirmed only needing dates for education services. UniteWI also declined our offers to receive client files that clearly demonstrate the services provided.

While we are aware that these posts have since then been taken down, several of our staff including myself have received recordings from community colleagues to their personal phones expressing disbelief and impacting the work we do in the community.

## 2. Timeline of Services and Communications

- April 2025 to September 2025: We submitted timely data each month, which your data specialist reviewed, provided edit suggestions and approved. EEI Data specialist hired, and attended UniteWI Boot camp
- July 2025: DJ explicitly stated we could resume services(to our data specialist, that we hired specifically to support this project and UniteWI's database), whose approval

Exhibit 6     was reliant on previous meetings stating that he has the go ahead to say so. Relying on that representation, our team continued and expanded services to 11 clients in August.

- Despite these assurances, payment for these services has not been rendered, now exceeding the net-30 terms agreed upon, which brings the total to $24,700.

Please note we have kept copies all data, notes, text messages and pictures of work we have done and submitted to UniteWI. Including Complete files of all clients that shows the work that UniteWI has declined to receive on 4 occasions.

### 3. Harm to Staff and Organization

Because of this six-month delay, our team members have endured severe financial hardship, loss of vehicles, eviction risk, and food insecurity which ironically qualifies them for the same services we provide to the community. As a leader and Executive Director, I have maintained professionalism, but this situation has caused substantial damage to morale, operations, and our reputation, and has caused tension with EEI leadership and it's staff. *From the agreed upon contract "Payments will be made net 30 days of submitted invoices. Invoices should be submitted(electronically or by U.S. mail) to: UniteWI attn. Bria Grant, Executive Director 1433 N. Water St. Ste 400. Milwaukee, WI 53202 or admin@weareunitewi.org (cc: bria@weareunitewi.org)."*

### 4. Our Requests

To resolve this matter amicably, we request that UniteWI:

- **Submit a public apology to Essentially Empowered inc, it's staff and all involved in HS.**

- **Submit payment for all outstanding invoices by Friday,October 3rd, 2025 .**
- **Refrain from any further negative public comments or social-media posts about Essentially Empowered Inc., its staff, or volunteers that could be interpreted as negative, or alluding that we don't do the work.**
- **Provide an itemized record of what UniteWI has paid out to Essentially Empowered Inc. to date.**

### 5. Next Steps

We have acted in good faith, submitted all documentation multiple times via email, and continued services at UniteWI's request. We do not wish to escalate this matter; however, we will take appropriate action to protect our organization, staff, and reputation if these issues remain unresolved.

We look forward to your prompt response and full payment by Friday, October 3rd, 2025.

Thank you for addressing these matters immediately so we can move forward in service to our community.

## Exhibit 6

**Dr. Lakeeta Watts, CHW, CD,CLS, CBE, DNM**
*Executive Director*
*Student Midwife*
*Doctor of Natural and Holistic Medicine*
**Essentially Empowered**
**(262) 333-6829**
(262) 333-6829



(26      2) 333-6829

Exhibit 7

July 15, 2025



To:
Mariah Taylor
A Better Tomorrow
P.O. Box 241046
Milwaukee, WI 53224

Subject: Formal Cease and Desist – Invalid Demands for Payment and Misrepresentation of Contractual Terms

Dear Ms. Taylor,

This correspondence serves as a formal Cease and Desist Notice from UniteWI in response to your letter dated July 15, 2025, in which you demand an additional payment of $11,675 for services allegedly rendered in April and May of this year.

Upon internal review and legal consultation, we find the assertions in your letter to be materially inaccurate, unsupported by our contractual agreement, and damaging to UniteWI's professional reputation. Below, we clarify our position:

**1. Executed Contractual Terms and Payment Structure**

You are party to a signed Year 2 Contractor Agreement with UniteWI, which outlines a tiered Value-Based Payment for Outcomes system, including:

- 30% for Enrollment + Initial Assessment
- 40% for 30–90 Day Follow-up and Support
- 30% for Verified Referral or System Impact

This agreement was signed and documented with electronic traceability. There is no ambiguity as to the agreed-upon structure, which applies retroactively to services rendered from April 1, 2025, per the contract's stated timeline.

You have already received payment in accordance with the eligible services and submitted documentation under this framework. As of this writing, your account reflects a paid-in-full status for Year 2 invoiced work. No balance remains outstanding.

**2. Claims of Forged Signature and Retroactive Terms**

We categorically reject the claim that your signature was forged or applied without your knowledge. The executed contract includes verifiable metadata indicating your electronic agreement. These records confirm your legal assent under the Uniform Electronic Transactions Act (UETA) and relevant Wisconsin state law.

Moreover, the contract clearly states that the Year 2 agreement is effective April 1, 2025 –

1

Exhibit 7



March 31, 2026. You were not operating under a lapse of contract, and therefore no "good faith" override applies.

### 3. Professional Misconduct and Defamatory Allegations
In your July 15 demand letter, you allege misconduct including contract tampering, fraud, and funding misappropriation. These accusations are not only unfounded but amount to defamation, especially given the threats to escalate to HRSA and the Office of Inspector General (OIG) without cause.

Let us be clear: UniteWI takes such allegations seriously and is prepared to defend its integrity through appropriate legal channels, including a defamation claim if these unfounded assertions are not immediately retracted.

### 4. Cease and Desist Directive
We hereby demand that you:

- Cease and desist from any further communication asserting unlawful or incorrect payment obligations;
- Refrain from circulating defamatory statements regarding UniteWI or its leadership;
- Halt any formal complaints to regulatory bodies that rely on misrepresented facts or omitted contractual details.

Failure to comply with this directive may result in legal action, including but not limited to seeking damages for reputational harm and administrative interference.

### 5. Final Resolution
We recognize your prior contributions to the Healthy Start initiative and wish to maintain a respectful professional boundary. However, continued pursuit of unjustified claims will not be tolerated. Should you have any factual clarifications supported by documentation consistent with the executed agreement, you may submit those in writing to admin@unitewi.org.

No further response will be issued regarding this matter unless substantial new documentation is submitted. This letter should be considered your formal notification of UniteWI's position.

Sincerely,

Bria Grant
Executive Director, UniteWI

2

Exhibit 8

 Outlook

**Re: March Client overview**

**From** Dathan Simpson <Data@weareunitewi.org>

**Date** Mon 5/12/2025 1:49 PM

**To** Lakeeta watts <essentiallyempowered@outlook.com>

Their background form was dated 4/10 so they will be in the April billing.

I'll let Bria know we are good to go!

Best,

Dathan Simpson, PhD
Director of Community Information
www.unitewi.org
2501 W. North Ave
Milwaukee, WI 53205
Email: data@weareunitewi.org
Phone: 414-435-0506 ext. 407

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

**From:** Lakeeta watts <essentiallyempowered@outlook.com>
**Sent:** Monday, May 12, 2025 1:07 PM
**To:** Dathan Simpson <Data@weareunitewi.org>
**Subject:** Re: March Client overview

Hi DJ,

The only one I don't see is Rayven Hines. Otherwise good to go.

**Dr. Lakeeta Watts, CHW, CD,CLS, CBE, DNM**
*Executive Director*
*Student Midwife*
*Doctor of Natural and Holistic Medicine*
**Essentially Empowered**
**(262) 505-7811**

## Exhibit 8

**From:** Dathan Simpson <Data@weareunitewi.org>
**Sent:** Monday, May 12, 2025 12:47 PM
**To:** Lakeeta watts <essentiallyempowered@outlook.com>
**Subject:** March Client overview

Good Morning Lakeeta,

Please look over this sheet and let me know if anything is missing. Once confirmed I'll pass to Bria for payout.

EE March Forms Tracker

Password: Essentially2025

Best,

Dathan Simpson, PhD
Director of Community Information
www.unitewi.org
2501 W. North Ave
Milwaukee, WI 53205
Email: data@weareunitewi.org
Phone: 414-435-0506 ext. 407

Exhibit 8

CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited.

Exhibit 9   Case 2025CV011000      Document 3      Filed 12-26-2025      Page 46 of 52

 Outlook

---

**Temporary Pause on New Client Enrollment – Healthy Start Program Update**

---

**From** Bria Grant <bria@unitewi.org>

**Date** Fri 5/23/2025 12:42 PM

**To**   Bria Grant <bria@unitewi.org>

**Cc**   Dathan Simpson <Data@weareunitewi.org>; Latrice McNeal <Latrice@unitewi.org>

Dear Healthy Start Partners,

We are reaching out to inform you of a **temporary pause in new client enrollment for the Healthy Start program, effective June 1, 2025 til July 30 2025**. This pause is a purposeful step toward strengthening the operational foundation of our work, ensuring full alignment with federal program expectations, and preparing for a stronger Year 2 implementation.

As you know, **federal funding is both a privilege and a responsibility**—one that demands our collective diligence in maintaining complete, accurate, and timely records. In light of this, **please note that no payments will be disbursed for client services until all documentation for each client is fully complete and submitted**. This includes enrollment forms, consents, assessments, and any other required data elements. This policy is not only necessary but non-negotiable, as it ensures our continued compliance and eligibility for ongoing support.

To support this recalibration, we are launching **UniteWI's HUB BootCamp**—a multi-day initiative that will provide:

- A comprehensive **review of Healthy Start protocols,**

- A **refresher on required data collection practices,** and

- A **Year 2 Agreement Meeting** to revisit deliverables, reconfirm expectations, and strengthen our accountability framework.

We anticipate resuming new client enrollment immediately following the successful completion of BootCamp activities. During this interim period, services to existing clients will continue without interruption.

**Next Steps:**
In the days ahead, you will receive:

- A formal invitation to register for the BootCamp,

- Required pre-read materials, and

- Documentation checklists to ensure your team is well-positioned for compliance.

Let us be clear: this pause is not a retreat—it is a reset. It's a moment to ensure we are not only

moving fast but moving right. The stakes are high, and the communities we serve deserve our very best.

Thank you, as always, for your dedication, your partnership, and your commitment to excellence in maternal and child health.

Bria Grant, BS

Executive Director
www.UniteWI.org
https://wichwnetwork.org/
1433 N. Water St Suite 400
Milwaukee, WI 53202
Email: Bria@UniteWI.org
Phone: 414-435-0506
Schedule assistant: https://calendly.com/bria-grant

Exhibit 9





CONFIDENTIALITY NOTICE: The contents of this email message and any attachments are intended solely for the addressee(s) and may contain confidential and/or privileged information and may be legally protected from disclosure. If you are not the intended recipient of this message or their agent, or if this message has been addressed to you in error, please immediately alert the sender by reply email and then delete this message and any attachments. If you are not the intended recipient, you are hereby notified that any use, dissemination, copying, or storage of this message or its attachments is strictly prohibited

**Exhibit 10**

 Outlook

---

**Re: Please review**

---

**From** Bria Grant <bria@unitewi.org>

**Date** Fri 9/26/2025 12:05 PM

**To** Lakeeta watts <essentiallyempowered@outlook.com>; R&B Info <info@resourcesandbeyond.org>

**Cc** Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden <Dessa@unitewi.org>; kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA) <mmorrison@hrsa.gov>

As of now there is a documented overpayment for Essentially Empowered as updates had not been received. UniteWI cannot, in good conscious, pay additional dollars when there is work that has not been completed which had already been paid for.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Lakeeta watts <essentiallyempowered@outlook.com>
**Sent:** Friday, September 26, 2025 1:00:17 PM
**To:** Bria Grant <bria@unitewi.org>; R&B Info <info@resourcesandbeyond.org>
**Cc:** Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden <Dessa@unitewi.org>; kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA) <mmorrison@hrsa.gov>
**Subject:** Re: Please review

The last of what was submitted was submitted previously on September 13th, 2025 to your team. I reached out to ask about payment and they told me another meeting was needed. We have not received payment for April, May and now August. Please let me know when these payments will be made so I can inform my team.

**Dr. Lakeeta Watts, CHW, CD,CLS, CBE, DNM**
*Executive Director*
*Student Midwife*
*Doctor of Natural and Holistic Medicine*
**Essentially Empowered**
**(262) 333-6829**
(262) 333-6829



(26          2) 333-6829

---

**From:** Bria Grant <bria@unitewi.org>
**Sent:** Friday, September 26, 2025 11:53 AM

# Exhibit 10

**To:** R&B Info <info@resourcesandbeyond.org>; Lakeeta watts <essentiallyempowered@outlook.com>
**Cc:** Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden <Dessa@unitewi.org>; kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA) <mmorrison@hrsa.gov>
**Subject:** Re: Please review

At this point UniteWI will no longer accept any documentation that has not already been submitted.

Please feel free to move forward with any processes you feel necessary as UniteWI will do the same for any calculated overpayments.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** Bria Grant <bria@unitewi.org>
**Sent:** Friday, September 26, 2025 12:52:14 PM
**To:** R&B Info <info@resourcesandbeyond.org>; Lakeeta watts <essentiallyempowered@outlook.com>
**Cc:** Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden <Dessa@unitewi.org>; kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA) <mmorrison@hrsa.gov>
**Subject:** Re: Please review

Sen-soray,

UniteWI hasn't denied payment for any agency that has submitted the proper documentation.

All documentation should have been submitted by the time frames stated in the email regarding the termination of your contract. Lakeeta, have you submitted the requested documents?

As a note Healthy Start is a federally funded project. UniteWI is responsible for how it spends and utilizes the resources to support this project. Federal dollars are public dollars and we responsible to the public for our outcomes.

Sent from my T-Mobile 5G Device
Get Outlook for Android

---

**From:** R&B Info <info@resourcesandbeyond.org>
**Sent:** Friday, September 26, 2025 12:42:38 PM
**To:** Lakeeta watts <essentiallyempowered@outlook.com>
**Cc:** Bria Grant <bria@unitewi.org>; Dathan Simpson <Data@weareunitewi.org>; Dessa Bearden <Dessa@unitewi.org>; kbean@hrsa.gov <kbean@hrsa.gov>; Morrison, Mia (HRSA) <mmorrison@hrsa.gov>
**Subject:** Re: Please review

Nice letter! Did she deny payment

Have a great day,

# Exhibit 10

Sen-Soray Erving
Executive Director
(414) 795-8772
*Resources And Beyond*
*www.Resourcesandbeyond.org*
***"Bringing Resources Forward for a Better You."***

*"Please know that we honor and respect boundaries around your time, well-being, caretaking, and rest. If you happen to receive a message while you are engaging in any of the above, please be sure to protect your time and wait to respond until your next working day or in front of a computer. Prioritize joy, not email, when and where you can."*

On Fri, Sep 26, 2025 at 11:41 AM Lakeeta watts <essentiallyempowered@outlook.com> wrote:
Dear Bria,

I am writing on behalf of **Essentially Empowered Inc.** to formally address serious concerns regarding statements made by UniteWI, delays in payment for services rendered, and public comments that have damaged our organization's reputation.

## 1. False and Defamatory Statements

Recently, statements and social-media posts from UniteWI representatives have alluded to fraudulent billing, non-delivery of services, and pre-payment prior to work performed. These statements are false, defamatory, and harmful. At no point did Essentially Empowered receive payment before proof of service. Payments were only issued upon documented evidence of services rendered.

We provided consistent updates and data in the form of spreadsheets that were approved by DJ, your data specialist. As recently as our last meeting with DJ and Dessa, DJ confirmed only needing dates for education services. UniteWI also declined our offers to receive client files that clearly demonstrate the services provided.

While we are aware that these posts have since then been taken down, several of our staff including myself have received recordings from community colleagues to their personal phones expressing disbelief and impacting the work we do in the community.

## 2. Timeline of Services and Communications

- April 2025 to September 2025: We submitted timely data each month, which your data specialist reviewed, provided edit suggestions and approved. EEI Data specialist hired, and attended UniteWI Boot camp
- July 2025: DJ explicitly stated we could resume services(to our data specialist, that we hired specifically to support this project and UniteWI's database), whose approval

was reliant on previous meetings stating that he has the go ahead to say so. Relying on that representation, our team continued and expanded services to 11 clients in August.

- Despite these assurances, payment for these services has not been rendered, now exceeding the net-30 terms agreed upon, which brings the total to $24,700.

Please note we have kept copies all data, notes, text messages and pictures of work we have done and submitted to UniteWI. Including Complete files of all clients that shows the work that UniteWI has declined to receive on 4 occasions.

### 3. Harm to Staff and Organization

Because of this six-month delay, our team members have endured severe financial hardship, loss of vehicles, eviction risk, and food insecurity which ironically qualifies them for the same services we provide to the community. As a leader and Executive Director, I have maintained professionalism, but this situation has caused substantial damage to morale, operations, and our reputation, and has caused tension with EEI leadership and it's staff. *From the agreed upon contract "Payments will be made net 30 days of submitted invoices. Invoices should be submitted(electronically or by U.S. mail) to: UniteWI attn. Bria Grant, Executive Director 1433 N. Water St. Ste 400. Milwaukee, WI 53202 or admin@weareunitewi.org (cc: bria@weareunitewi.org)."*

### 4. Our Requests

Exhibit 10

To resolve this matter amicably, we request that UniteWI:

- **Submit a public apology to Essentially Empowered inc, it's staff and all involved in HS.**

- **Submit payment for all outstanding invoices by Friday,October 3rd, 2025 .**
- **Refrain from any further negative public comments or social-media posts about Essentially Empowered Inc., its staff, or volunteers that could be interpreted as negative, or alluding that we don't do the work.**
- **Provide an itemized record of what UniteWI has paid out to Essentially Empowered Inc. to date.**

### 5. Next Steps

We have acted in good faith, submitted all documentation multiple times via email, and continued services at UniteWI's request. We do not wish to escalate this matter; however, we will take appropriate action to protect our organization, staff, and reputation if these issues remain unresolved.

We look forward to your prompt response and full payment by Friday, October 3rd, 2025.

Thank you for addressing these matters immediately so we can move forward in service to our community.

# Exhibit 10

**Dr. Lakeeta Watts, CHW, CD,CLS, CBE, DNM**
*Executive Director*
*Student Midwife*
*Doctor of Natural and Holistic Medicine*
**Essentially Empowered**
**(262) 333-6829**
(262) 333-6829

(26          2) 333-6829

FILED
02-05-2026
Anna Maria Hodges
Clerk of Circuit Court
2025CV011000

STATE OF WISCONSIN          CIRCUIT COURT          MILWAUKEE COUNTY

ESSENTIALLY EMPOWERED, INC.,
RESOURCES AND BEYOND, INC., and
A BETTER TOMORROW FOR MOMMIES, INC.,

     Plaintiffs,

                                        Case No. 25 CV 11000

v.

UNITEMKE, INC. d/b/a UNITEWI, and
UNITEWI, LLC,

     Defendants.

---

## NOTICE OF APPEARANCE

---

      **PLEASE TAKE NOTICE** that the law firm of McCoy Leavitt Laskey LLC, by Michael D. Aiken, has been retained by and appears for the defendants, UniteMKE, Inc. d/b/a UniteWI and UniteWI, LLC, in the above-entitled action and demands that any further pleadings, discovery or other documents herein be served upon us at our offices located at Riverwood Corporate Center III, N19 W24200 Riverwood Drive, Ste. 125, Waukesha, WI 53188.

                                      **McCOY LEAVITT LASKEY LLC**
                                      Attorneys for Defendants, UniteMKE, Inc. d/b/a
                                      UniteWI and UniteWI, LLC

Dated: February 5, 2026          By:  *Electronically signed by Michael D. Aiken*
                                        Michael D. Aiken        SBN 1060331
                                        Riverwood Corporate Center III
                                        N19 W24200 Riverwood Drive, Ste. 125
                                        Waukesha, WI 53188
                                        Phone:   (262) 522-7000
                                        Fax:     (262) 522-7020
                                        maiken@mlllaw.com

#6012293v.1

FILED
02-05-2026
Anna Maria Hodges
Clerk of Circuit Court
2025CV011000

STATE OF WISCONSIN        CIRCUIT COURT        MILWAUKEE COUNTY

---

ESSENTIALLY EMPOWERED, INC.,
RESOURCES AND BEYOND, INC., and
A BETTER TOMORROW FOR MOMMIES, INC.,

       Plaintiffs,

                                 Case No. 25 CV 11000

v.

UNITEMKE, INC. d/b/a UNITEWI, and
UNITEWI, LLC,

       Defendants.

---

## ANSWER AND AFFIRMATIVE DEFENSES

---

**NOW COMES** the above-named defendants, UniteMKE, Inc. d/b/a UniteWI and UniteWI, LLC, by their attorneys, McCoy Leavitt Laskey LLC, by Michael D. Aiken, and as and for their answer and affirmative defenses to plaintiffs' complaint, state as follows:

### I.        PARTIES

1.      In answer to paragraph 1, admit upon information and belief.

2.      In answer to paragraph 2, admit upon information and belief.

3.      In answer to paragraph 3, admit upon information and belief.

4.      In answer to paragraph 4, admit upon information and belief.

5.      In answer to paragraph 5, admit upon information and belief.

6.      In answer to paragraph 6, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

7.     In answer to paragraph 7, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

## II.     JURISDICTION AND VENUE

8.     In answer to paragraph 8, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

9.     In answer to paragraph 9, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

10.     In answer to paragraph 10, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

11.     In answer to paragraph 11, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

## III.     FACTUAL ALLEGATIONS

12.     In answer to paragraph 12, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

13.     In answer to paragraph 13, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

14.     In answer to paragraph 14, admit.

15.     In answer to paragraph 15, admit.

16.     In answer to paragraph 16, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

17.     In answer to paragraph 17, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

18.     In answer to paragraph 18, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

19.     In answer to paragraph 19, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

20.     In answer to paragraph 20, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

21.     In answer to paragraph 21, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny

3

the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

22.     In answer to paragraph 22, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

23.     In answer to paragraph 23, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

24.     In answer to paragraph 24, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

25.     In answer to paragraph 25, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

26.     In answer to paragraph 26, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

27.     In answer to paragraph 27, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

28.     In answer to paragraph 28, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

29.     In answer to paragraph 29, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

30.     In answer to paragraph 30, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

31.     In answer to paragraph 31, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

32.     In answer to paragraph 32, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

33.     In answer to paragraph 33, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

34.     In answer to paragraph 34, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

35.     In answer to paragraph 35, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

36.     In answer to paragraph 36, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

37.     In answer to paragraph 37, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

38.     In answer to paragraph 38, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

39.     In answer to paragraph 39, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

40.     In answer to paragraph 40, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

41.    In answer to paragraph 41, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

42.    In answer to paragraph 42, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

43.    In answer to paragraph 43, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

44.    In answer to paragraph 44, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

45.    In answer to paragraph 45, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

46.    In answer to paragraph 46, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof. Defendants affirmatively allege the referenced documents speak for themselves.

47.    In answer to paragraph 47, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

48.    In answer to paragraph 48, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

49.    In answer to paragraph 49, deny.

50.    In answer to paragraph 50, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

**Damages to Essentially Empowered, Inc.**

51.    In answer to paragraph 51, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

52.    In answer to paragraph 52, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

**Damages to Resources and Beyond, Inc.**

53.    In answer to paragraph 53, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

54.    In answer to paragraph 54, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

**Damages to A Better Tomorrow for Mommies**

55.     In answer to paragraph 55, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

56.     In answer to paragraph 56, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

57.     In answer to paragraph 57, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

58.     In answer to paragraph 58, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

59.     In answer to paragraph 59, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

60.     In answer to paragraph 60, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

61.     In answer to paragraph 61, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

62.     In answer to paragraph 62, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

63.     In answer to paragraph 63, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

64.     In answer to paragraph 64, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

65.     In answer to paragraph 65, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

66.     In answer to paragraph 66, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

### IV.    CONDUCT OF DEFENDANTS

67.     In answer to paragraph 67, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiff to her proof thereof.

68.     In answer to paragraph 68, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

10

69.    In answer to paragraph 69, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

70.    In answer to paragraph 70, deny.

## V.    CAUSES OF ACTION

### COUNT I – Breach of Contract

71.    In answer to paragraph 71, admit upon representation of counsel.

72.    In answer to paragraph 72, defendants reallege and incorporate by reference prior answers to paragraphs 1-66 as if fully set forth herein.

73.    In answer to paragraph 73, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

### COUNT II – Breach of Implied Covenant of Good Faith and Fair Dealing

74.    In answer to paragraph 74, admit upon representation of counsel.

75.    In answer to paragraph 75, defendants reallege and incorporate by reference prior answers to paragraphs 1-66 as if fully set forth herein.

76.    In answer to paragraph 76, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

77.    In answer to paragraph 77, deny.

### COUNT III – Defamation (Per Se)

11

78.     In answer to paragraph 78, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

79.     In answer to paragraph 79, defendants reallege and incorporate by reference prior answers to paragraphs 1-66 as if fully set forth herein.

80.     In answer to paragraph 80, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

**COUNT IV – Tortious Interference with Business Relations**

81.     In answer to paragraph 81, admit upon representation of counsel.

82.     In answer to paragraph 82, defendants reallege and incorporate by reference prior answers to paragraphs 1-66 as if fully set forth herein.

83.     In answer to paragraph 83, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

**COUNT V – Whistleblower Retaliation / Violation of Public Policy**

84.     In answer to paragraph 84, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

85.     In answer to paragraph 85, defendants reallege and incorporate by reference prior answers to paragraphs 1-66 as if fully set forth herein.

12

86.     In answer to paragraph 86, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

### COUNT VI – Declaratory and Injunctive Relief

87.     In answer to paragraph 87, these defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore deny the same and put plaintiffs to their proof thereof.

88.     In answer to paragraph 88, defendants reallege and incorporate by reference prior answers to paragraphs 1-66 as if fully set forth herein.

89.     In answer to paragraph 89, admit upon representation of counsel.

90.     In answer to paragraph 90, admit upon representation of counsel.

91.     In answer to paragraph 91, admit upon representation of counsel.

### AFFIRMATIVE DEFENSES

As and for affirmative defenses to plaintiffs' complaint, these answering defendants allege and show to the Court as follows:

1.     Venue is not proper in state court and the matter should be removed to federal court under 28 U.S.C.A. § 1442.

2.     Plaintiffs' complaint fails to state a claim upon which relief may be granted against these answering defendants.

3.     Plaintiffs may have failed to properly serve these answering defendants, thereby precluding this Court from having jurisdiction over them.

4.     Plaintiffs failed to comply with conditions precedent set forth in federal regulations to recover amounts claimed due and owing.

13

5.    Plaintiffs' claims of defamation may be barred on the basis of privilege or truth of the matter asserted.

6.    Plaintiffs may have failed to mitigate their damages and such failure reduces or bars the recovery potentially available to said plaintiffs.

7.    Plaintiffs' claims may be barred, in whole or in part, by the applicable statute or statutes of limitations or repose.

8.    Plaintiffs' claims may be barred, in whole or in part, on the grounds of public policy.

9.    These answering defendants hereby incorporate by reference all defenses contained in Wis. Stat. § 802.06(2)(a)(1) through (7) and (9).

10.    These answering defendants hereby reserve the right to amend these affirmative defenses as additional information is revealed through discovery.

11.    These answering defendants hereby adopt by reference any and all affirmative defenses raised by any other defendants or third-party defendants, whether now named or subsequently brought into this action.

**WHEREFORE**, these answering defendants demand judgment as follows:

a.    Dismissing plaintiffs' complaint on the merits and with prejudice;

b.    Awarding statutory costs, attorney's fees and reimbursements for the disbursements of these defendants; and

c.    Granting such further relief as the Court may deem appropriate.

**McCOY LEAVITT LASKEY LLC**
Attorneys for Defendants, UniteMKE, Inc. d/b/a
UniteWI and UniteWI, LLC

Dated: <u>February 5, 2026</u>          By: <u>*Electronically signed by Michael D. Aiken*</u>
                                            Michael D. Aiken          SBN 1060331
                                            Riverwood Corporate Center III
                                            N19 W24200 Riverwood Drive, Ste. 125
                                            Waukesha, WI 53188
                                            Phone:    (262) 522-7000
                                            Fax:       (262) 522-7020
                                            maiken@mlllaw.com

15

FILED
02-05-2026
Anna Maria Hodges
Clerk of Circuit Court
2025CV011000

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **MILWAUKEE COUNTY**

---

Essentially Empowered, Inc. et al vs. UniteMKE, Inc. et al    **Notice of Hearing**

Case No: 2025CV011000

---

COURT ORIGINAL

This case is scheduled for: **Scheduling conference**

| NOTICE OF HEARING | | |
|---|---|---|
| **Date**<br>03-06-2026 | **Time**<br>11:00 am | **Location**<br>Milwaukee County Courthouse, RM 413<br>901 N. Ninth Street<br>Milwaukee WI 53233 |
| **Circuit Court Judge/Circuit Court Commissioner**<br>Jean Marie Kies-45 | | |
| **Re**<br>Other-Contract | | |

This matter will not be adjourned by the court except upon formal motion for good cause or with the specific approval of the court upon stipulation by all parties.

Please complete a scheduling conference data sheet and return to Branch 45 one week prior to the scheduling hearing. The form can be found here:
https://county.milwaukee.gov/County-Courts/ChiefJudge/LocalRulesRevision/SchedulingConferenceDataSheet1.pdf

This hearing is being held via video and/or telephone conferencing.
BY VIDEO: https://zoom.us/join
BY PHONE: 1-312-626-6799 US (Chicago)

Meeting ID: 216 166 3259
Passcode: 365601

If you have questions or concerns, please call the Clerk at (414) 278-4554.

**If you require reasonable accommodations due to a disability to participate in the court process, please call 414-985-5757 prior to the scheduled court date. Please note that the court does not provide transportation.**

Milwaukee County Circuit Court
Date: February 5, 2026

| DISTRIBUTION | Address | Service Type |
|---|---|---|
| Court Original | | |
| David Carlson | | Electronic Notice |
| Michael Doering Aiken | | Electronic Notice |
| Timothy Lloyd Baldwin | 10850 West Park Place, Suite 560, Milwaukee, WI 53224 | No Notice |

This form shall not be modified. It may be supplemented with additional material.